# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CITY OF MCKINNEY, TEXAS, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00271 |
| | § | Judge Mazzant |
| ALLEGIANCE BENEFIT PLAN | § | |
| MANAGEMENT, INC., ARBOR | § | |
| BENEFIT GROUP, L.P., and FIDELITY | § | |
| SECURITY LIFE INSURANCE | § | |
| COMPANY | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Allegiance Benefit Plan Management, Inc.'s Motion for Leave to File Amended Notice of Removal, or in the Alternative, Response to Motion to Remand (Dkt. #7) and Defendant Allegiance Benefit Plan Management, Inc.'s Supplemental Motion for Leave to File Amended Notice of Removal, or in the alternative, Response to Motion to Remand (Dkt. #12).

Having considered the Motions, the Court finds they should both be **GRANTED**. Defendant has 7 days to file an amended notice of removal that properly alleges diversity jurisdiction.

## BACKGROUND

This is an insurance contract dispute. On February 26, 2021, the City of McKinney, Texas ("City") sued Allegiance Benefit Plan Management, Inc. ("Allegiance"), Arbor Benefit Group, L.P. ("Arbor"), and Fidelity Security Life Insurance Company ("Fidelity") for breach of contract in the 401st District Court, Collin County (Dkt. #1 at p. 1). Defendants were served on March 9, 2021 (Dkt. #1 at p. 1).

On April 4, 2021, Allegiance removed the case to this Court under diversity jurisdiction. (Dkt. #1). Allegiance's notice of removal asserted complete diversity of citizenship and that the amount in controversy exceeds the $75,000 threshold (Dkt. #1 at p. 3).

On May 4, 2021, City moved to remand (Dkt. #5). City argues the removal did not establish complete diversity or that all defendants consented to removal (Dkt. #5 at pp. 4-5).

On May 11, 2021, Allegiance moved for leave to amend its notice of removal to correct these defects (Dkt. #7). On May 25, 2021, City responded and argued that Allegiance still has not properly asserted diversity jurisdiction (Dkt. #11). On May 27, 2021, Allegiance filed a supplemental motion in support of its motion for leave to amend, further clarifying the defendants' citizenship and consent (Dkt. #12; Dkt. #13). On June 1, 2021, City opposed the supplemental motion and notice of consent (Dkt. #14; Dkt. #15).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a) ). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS*

*Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

District courts have the authority and discretion to allow a defendant to cure defective jurisdictional allegations in its notice of removal under 28 U.S.C. § 1653. The Fifth Circuit instructs that "§ 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." *Menendez v. Wal–Mart Stores, Inc.*, 364 Fed. Appx. 62, 66 (5th Cir. 2010) (unpublished). A defendant may amend its notice of removal after the expiration of the thirty-day period for removal to cure defective jurisdictional allegations. *Strauss v. Am. Home Prod. Corp.,* 208 F.Supp.2d 711, 717 (S.D. Tex. 2002); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 n. 9 (5th Cir. 2001) ("[P]rior to judgment, a party may amend its pleadings to allege omitted jurisdictional facts").

## ANALYSIS

Allegiance asks the Court for leave to amend its notice of removal to cure technical defects. The City argues granting leave is pointless as Allegiance's motion for leave does not cure its defects (Dkt. #11). Specifically, Allegiance did not allege Fidelity's state of incorporation or the name, type, and citizenship of each Arbor partner (*See* Dkt. #11). But courts routinely grant defendants leave to amend notices of removal to adequately assert jurisdictional facts. *See D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145 (5th Cir. 1989) (affirming court's granting of leave to correct jurisdictional allegations in removal petition). This includes amending to properly allege citizenship. *See id.*

City also argues leave should be denied because Allegiance did not timely file evidence that all defendants consented to removal. But courts may grant leave to amend technical defects

in removal petitions after the thirty-day period for removal. *See Strauss*, 208 F.Supp.2d at 717; *see also Howery*, 243 F.3d at 920 n. 9 ("[P]rior to judgment, a party may amend its pleadings to allege omitted jurisdictional facts"). Technical amendments seek to clarify the underlying facts, like citizenship or consent. *See id*. The Court may therefore grant Allegiance leave to amend its notice of removal.

## CONCLUSION

It is therefore **ORDERED** that Defendant Allegiance Benefit Plan Management, Inc.'s Motion for Leave to File Amended Notice of Removal, or in the Alternative, Response to Motion to Remand (Dkt. #7) is **GRANTED**.

It is further **ORDERED** that Defendant Allegiance Benefit Plan Management, Inc.'s Supplemental Motion for Leave to File Amended Notice of Removal, or in the alternative, Response to Motion to Remand (Dkt. #12) is **GRANTED**.

The Court **ORDERS** Defendant Allegiance to amend its Notice of Removal to properly allege diversity jurisdiction within 7 days of this Order.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE