# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CITY OF MCKINNEY, TEXAS, | § | |
| | § | |
| v. | § | Civil Action No.  4:21-CV-00271 |
| | § | Judge Mazzant |
| ALLEGIANCE BENEFIT PLAN | § | |
| MANAGEMENT, INC., ARBOR | § | |
| BENEFIT GROUP, L.P., and FIDELITY | § | |
| SECURITY LIFE INSURANCE | § | |
| COMPANY. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff City of McKinney, Texas' Second Motion to Remand and Brief in Support (Dkt. #21).  Having considered the motions and the relevant pleadings, the Court finds the motion should be **DENIED.**

## BACKGROUND

This is an insurance contract dispute.  On February 26, 2021, the City of McKinney, Texas (the "City") sued Defendant Allegiance Benefit Plan Management, Inc. ("Allegiance"), Defendant Arbor Benefit Group, L.P. ("Arbor"), and Defendant Fidelity Security Life Insurance Company ("Fidelity") for breach of contract in the 401st District Court, Collin County (Dkt. #1 ¶ 1). Defendants were served on March 9, 2021 (Dkt. #1 ¶ 2).

On April 4, 2021 Allegiance removed the case to this Court under diversity jurisdiction (Dkt. #1 ¶6).  Allegiance's notice of removal asserted complete diversity of citizenship and that the amount in controversy exceeded $75,000 (Dkt. #1 ¶¶ 6–10).

On May 4, 2021, the City moved to remand, arguing the removal did not establish complete diversity or that all Defendants consented to removal (Dkt. #5 at pp. 4–5). On May 11, 2021, Allegiance moved for leave to amend its notice of removal to correct these defects (Dkt. #7).

On June 22, 2021 the Court granted Allegiance's motion and ordered it to amend its Notice of Removal within seven days to cure the technical defects the City asserted (Dkt. #17). Allegiance timely filed its Amended Notice of Removal on June 29, 2021 (Dkt. #18). As a result, the Court denied the City's Motion to Remand as moot (Dkt. #19).

On July 20, 2021, the City moved to remand again (Dkt. #21). The City alleges Allegiance failed to establish Arbor's citizenship, and that Arbor and Fidelity have not timely consented to removal (Dkt. #21 at pp. 7–12). On August 16, 2021, Allegiance moved for leave to amend its notice of removal to correct these alleged defects (Dkt. #26). The Court granted Allegiance leave to amend its notice of removal (Dkt. #30). On October 13, 2021, Allegiance timely filed its Second Amended Notice of Removal (Dkt. #33).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVSPharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. &*

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

### I.      Complete Diversity

McKinney contends Allegiance has failed to establish complete diversity of citizenship (Dkt. #21 at p. 6).

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).  A corporation is a citizen of the state, or states, of its incorporation and the state where its principal place of business is located. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).  For purposes of diversity, the citizenship of a limited partnership is determined by considering the citizenship of all the members and partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991).  The party invoking jurisdiction under Section 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Plaintiff pleaded that it has a home-rule municipality organized under the laws of the State of Texas and located in Collin County, Texas (Dkt. #2).  Allegiance is incorporated under the laws of the State of Montana and its principal place of business is located in Montana (Dkt. #33 ¶ 8).  Thus, Allegiance is a citizen of Montana. *MidCap*, 929 F.3d at 314.  Fidelity is incorporated under the laws of the State of Missouri and its principal place of business is in Missouri (Dkt. #33 ¶ 10).  Fidelity is therefore a citizen of Missouri. *Id*.  Arbor is a foreign limited partnership whose partners

are citizens of Florida and Connecticut (Dkt. #33 ¶9).  Thus, Arbor is a citizen of Florida and Connecticut.  *Harvey*, 542 F.3d at 1080.  Allegiance has shown that complete diversity exists: no Defendant shares the same citizenship as Plaintiff.  *MidCap*, 929 F.3d at 314.

## II.     Removal Procedure

McKinney contends Allegiance failed to timely obtain Arbor and Fidelity's consent to removal (Dkt. #21 at p. 8).  In Allegiance's motion to amend its notice of removal, Allegiance responded to McKinney's contentions regarding remand (Dkt. #26).  Allegiance countered that the Court already determined this issue was a procedural defect and permitted Allegiance to cure (Dkt. #17).  Allegiance asserts McKinney may not raise this issue again (Dkt. #26).

The Court agrees with Allegiance.  The Court ruled that lack of written consent was curable with a technical amendment, which courts have the authority to permit after the thirty-day removal period (Dkt. #17) (citing *Strauss v. Am. Home Prod. Corp.,* 208 F.Supp.2d 711, 717 (S.D. Tex. 2002).  Allegiance's Amended Notice of Removal included the written consent of Arbor and Fidelity (Dkt. #18).  McKinney complains of a defect Allegiance already cured on June 29, 2021 (Dkt. #18).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Second Motion to Remand (Dkt. #21) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 4th day of November, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE